

September 26, 2016

**VIA ECF**

**Michael B. de Leeuw**
Direct Phone  212-908-1331
Direct Fax      646-461-2090
mdeleeuw@cozen.com

Hon. Gary L. Sharpe
Senior U.S. District Judge, Northern District of
New York
James T. Foley U.S. Courthouse
445 Broadway, Room 112
Albany, NY 12207

Re:   **Van Buskirk, et al. v. The United Group of Companies, Inc., et al., 1:16-cv-881;
        Grasso, et al. v. The United Group of Companies, Inc., et al., 1:16-cv-965**

Dear Judge Sharpe:

We represent Defendants The United Group of Companies, DCG Funds Management, LLC, DCG/UGOC Funds Management II, LLC, Michael Uccellini and Jessica F. Steffensen as executor and executrix of the Estate of Walter Uccellini, Michael Uccellini, MCM Securities LLC, and Millenium Credit Markets, LLC (the "**United Defendants**") in the two above-captioned matters, which are both before Your Honor as related matters (the "**Related Cases**").

We recently received notice that a Receiver was appointed in an action brought by the Securities and Exchange Commission in the District Court for the Western District of North Carolina against, among others, defendant Richard W. Davis, defendant Davis Capital Group, Inc. ("**Davis Capital**"), and related entities. The Receivership Order in that case (attached) imposes a stay of all litigation against "Receivership Defendants," including Davis Capital and defendant DCG Funds Management, LLC.

We and Plaintiffs' counsel have had discussions with Receiver's counsel; and we are assisting in determining whether there is any reason for the Related Cases (or any portions thereof) to be stayed. We expect that we will come to an understanding with Receiver's counsel, and we will advise the Court as soon as possible after these determinations have been made.

We note that <u>DCG Funds Management, LLC</u> is a non-active member of the manager of the fund at issue in this case (<u>DCG/UGOC Funds Management II, LLC</u>). Because we represent the manager and its managing member (The United Group of Companies), we also appeared on behalf of the non-active member (<u>DCG Funds Management, LLC</u>) but solely because it was a member of the manager. But, to be clear, we have had no involvement in and no contact with any of the Davis entities. We will therefore respectfully request (when the Related Cases recommence) that we be allowed to withdraw as counsel for DCG Funds Management, LLC. We will file the appropriate paperwork with the Court at that time.

C:\Users\twise\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\O2BWIJMT\LEGAL 28179137v1 Ltr to Judge Sharpe re receivership.DOCX

45 Broadway   16th Floor New York, NY 10006
212.509.9400   800.437.7040   212.509.9492 Fax   cozen.com

Hon. Gary L. Sharpe
September 26, 2016
Page 2

---

Respectfully,

COZEN O'CONNOR

*[signature: Michael B. de Leeuw]*

By:   Michael B. de Leeuw

MBD


cc:   All counsel of record (*via ECF*)
      Michael Martinez, Esq. (*via email*)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:16-cv-00285

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **TEMPORARY** |
| RICHARD W. DAVIS, JR., ) | **RECEIVERSHIP ORDER** |
| ) | |
| Defendant, ) | |
| and ) | |
| ) | |
| DCG REAL ASSETS, LLC, *et al.*, ) | |
| ) | |
| Relief Defendants. ) | |
| ) | |

**WHEREAS,** this matter has come before the Court upon the Motion of Plaintiff Securities and Exchange Commission (the "Commission") to appoint a temporary and permanent receiver in the above-captioned matter for Relief Defendants DCG Real Assets, LLC; DCG Commercial Fund I, LLC; H20, LLC; DCG PMG, LLC; DCG PMF, LLC; Finely Limited, LLC; DCG Funds Underwriting, LLC; DCG ABF Management, LLC; DCG Funds Management, LLC; Davis Capital Group, Inc.; Davis Financial, Inc.; DCG Commercial Holdings, LLC; DCG Commercial, LLC; DCG Partners, LLC; DCG Real Estate Development, LLC; Huntersville Plaza Phase One, LLC; Huntersville Plaza Phase Two, LLC; North Lake Business Park, LLC; and Richard Davis Enterprises, LLC (collectively, "Receivership Defendants");[1]

**WHEREAS,** the Commission has made a sufficient and proper showing in support of the

---

[1] Reference herein to the Receivership Defendants shall be construed as referring to each and any one of the Receivership Defendants or any combination or combinations thereof.

relief requested by evidence demonstrating a *prima facie* case of violations of the federal securities laws by Defendant Richard W. Davis, Jr. as evidenced by the Consent executed by Davis and filed with the Court on June 2, 2016 (Dkt. No. 2-1), and further by evidence demonstrating investor funds were unlawfully transferred to the Relief Defendants;

**WHEREAS,** the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving the assets of the Receivership Defendants;

**WHEREAS,** the Commission has submitted the credentials of a candidate to be appointed as receiver of all of the assets, properties, books and records, and other items of the Receivership Defendants, including properties, assets and other items in their names or the names of their principals, trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys or other agents, and the Commission has advised the Court this candidate is prepared to assume this responsibility if so ordered by the Court; and

**WHEREAS,** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Receivership Defendants, and venue properly lies in this district;

**NOW THEREFORE IT IS HEREBY ORDERED** that:

1. Until further Order of this Court, this Court takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of each of the Receivership Defendants (the "Receivership Estates").

2. Until further Order of this Court, A. Cotten Wright, Esq. is hereby appointed to serve without bond as temporary receiver (the "Receiver") for the estates of the Receivership Defendants, their subsidiaries, successors and assigns. The Court will evaluate the merits of the

temporary receivership on a continuing basis, and if appropriate, will subsequently enter an Order converting the temporary receivership into a permanent receivership.

## I.  General Powers and Duties of Receiver

3. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the Receivership Defendants under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements.

4. No person holding or claiming any position of any sort with any of the Receivership Defendants shall possess any authority to act by or on behalf of any of the Receivership Defendants.

5. Subject to the specific provisions in Sections II through XI, below, the Receiver shall have the following general powers and duties:

> (a) To use reasonable efforts to determine the nature, location and value of all property interests of the Receivership Defendants, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights, instruments, equipment, fixtures, causes of action, notes, commercial paper, and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Defendants own, possess, have a beneficial interest in, or control directly or indirectly (collectively, "Receivership Property");
>
> (b) To take custody, control and possession of all Receivership Property and records relevant thereto from the Receivership Defendants; to sue for and collect, recover, receive and take into possession from third parties all

- 3 -

- 4 -

        Receivership Property and records relevant thereto, including without limitation, custody, control, possession, over all computer-maintained or electronically-stored information, email accounts, social media accounts, web hosting accounts, domain names, websites and other digital data;

(c) To manage, control, operate and maintain the Receivership Defendants and hold in her possession, custody and control all Receivership Property, pending further Order of this Court;

(d) To use Receivership Property for the benefit of the Receivership Defendants, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging her duties as Receiver;

(e) To engage and employ persons in her discretion to assist her in carrying out her duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders, auctioneers, technical specialists, or other independent contractors;

(f) To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

(g) The Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

(h) To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

(i) To pursue, intervene in, compromise, adjust, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estates or are common to all persons or entities holding claims against the Receivership Estates; and

(j) To take such other action as may be approved by this Court.

## II.   Access to Information

6. The Receivership Defendants and their past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants and employees, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Defendants and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts, keys, entry codes, PIN numbers, lock combinations, usernames, passwords, or other login credentials to any computers, websites, website maintenance interfaces, email accounts. social media accounts, web hosting accounts, or domain name accounts owned, controlled, maintained, or paid for by the Receivership Defendants, computer-maintained or electronically-stored information or other digital data, and all other instruments and papers.

7. The Receivership Defendants and any other person or entity with possession, custody and/or control of any Receivership Property are required to assist the Receiver in fulfilling her duties and obligations.  As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

### III.   Access to Books, Records and Accounts

8.   The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Receivership Defendants.  All persons and entities having control, custody or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

9.   All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, any of the Receivership Defendants that receive actual notice of this Order by personal service or otherwise, including, without limitation, by email, facsimile, United States mail, or commercial delivery service, shall:

(a)   Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendants, whether held in deposit accounts, safe deposit boxes, or otherwise, except upon instructions from the Receiver;

(b)   Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

(c)   Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and

(d) Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver, including, without limitation, by expeditiously delivering to the Receiver copies of all signature cards, statements, and evidence of all deposits and withdrawals (such as wire transfer details, canceled checks, and copies of official checks purchased from the controlling financial institution using funds in the subject deposit account).

### IV. Access to Real and Personal Property

10. The Receiver is authorized to take immediate possession of all real and personal property of the Receivership Defendants, wherever located, including but not limited to (i) the real properties identified on Exhibit A hereto, and (ii) all ownership and leasehold interests and fixtures. Upon receiving actual notice of this Order by personal service or otherwise, including, without limitation, by email, facsimile, United States mail, or commercial delivery service, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, concealing or erasing anything on such premises.

11. Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out her duties to take possession, custody and control of, or identify the location of, any assets, records or other materials belonging to the Receivership Defendants.

### V. Injunction Against Interference with Receiver

- 7 -

12. The Receivership Defendants and all persons receiving notice of this Order by personal service or otherwise, including, without limitation, by email, facsimile, United States mail, or commercial delivery service, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

(a) Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon or otherwise encumbering any Receivership Property;

(b) Hinder, obstruct or otherwise interfere with the Receiver in the performance of her duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information; or

(c) Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property, enforcing judgments, assessments or claims against any Receivership Property or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other

agreement executed by any Receivership Defendant or which otherwise affects any Receivership Property.

## VI.   Stay of Litigation

13. As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

> Unless commenced by or at the direction of the Receiver, or unless otherwise consented to by the Receiver, all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in her capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Defendants, including subsidiaries and partnerships; or, (d) any of the Receivership Defendants' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings")

14. The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

## VII.   Managing Assets

15. The Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

16. The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership

- 9 -

Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

17. Subject to the terms of the next paragraph immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property of the Receivership Defendants, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property;

18. Upon further Order of this Court, pursuant to such procedures as may be required by this Court, the Receiver will be authorized to sell, and transfer clear title to, all real property of the Receivership Defendants.

### VIII. Investigate and Prosecute Claims

19. Subject to the requirement, in Section VI above, that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered and directed to commence, defend, intervene in or otherwise participate in, settle, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind, including the instant proceeding, as may in her discretion, and upon consultation with the Commission, be advisable or proper to recover and/or conserve Receivership Property.

20. The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all entity Receivership Defendants.

### IX. Liability of the Receiver

21. The Receiver and her agents, acting within the scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall

not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree.  In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

22. This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

### X.     Recommendations and Reports

23. Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of the Receivership Defendants (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Defendants.

24. The Quarterly Status Report shall contain the following:

   (a) A summary of the operations of the Receiver;

   (b) The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

   (c) A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

  (d) A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

  (e) A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

  (f) A list of all known creditors with their addresses and the amounts of their claims;

  (g) The status of Creditor Claims Proceedings, after such proceedings have been commenced; and

  (h) The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

25. On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

### XI. Fees, Expenses and Accountings

26. Subject to the remaining provisions of this section, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership. Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

27. Subject to the next paragraph immediately below, the Receiver is authorized to solicit Retained Personnel to assist her in carrying out the duties and responsibilities described in this Order. The Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

28. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Defendants as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver. Such compensation shall require the prior approval of the Court, and the combined total compensation and expense reimbursement to be paid to the Receiver and Retained Personnel shall not exceed 30% of the net value of the Receivership Property.

29. Within forty-five (45) days after the end of each calendar quarter (other than the second quarter of 2016), the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Defendants (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon Commission staff a complete copy of the proposed application, together with all exhibits and relevant billing information in a format to be provided by Commission staff.

30. All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

31. Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held

back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

      32.     Each Quarterly Fee Application shall:

          (a)     Comply with the terms of the Billing Instructions agreed to by the Receiver; and

          (b)     Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

      33.     At the close of the receivership, the Receiver shall submit a Final Accounting, in a format to be provided by Commission staff, as well as the Receiver's final application for compensation and expense reimbursement.

      34.     This Court shall retain jurisdiction of this matter for all purposes.

      **DONE AND ORDERED** in Charlotte, North Carolina, this 8th day of June, 2016.

Copies to:

_/s/ Frank D. Whitney_
Frank D. Whitney
Chief United States District Judge

**Counsel of Record (via CM-ECF)**

- 14 -

**David S. Rudolf**
**Rudolf Widenhouse**
**225 East Worthington Avenue, Suite 200**
**Charlotte, NC 28203**

Counsel for Defendant Richard W. Davis in his individual capacity and as Registered Agent for Relief Defendants Davis Capital Group, Inc.; North Lake Business Park, LLC; and Richard Davis Enterprises, LLC

**C. Melissa Owen**
**Tin Fulton Walker & Owen LLP**
**301 East Park Avenue**
**Charlotte, NC 28203**

Counsel for Laurie Ephland as Registered Agent for Relief Defendants DCG Commercial Fund I, LLC; DCG PMF, LLC; DCG Funds Underwriting, LLC; DCG ABF Management, LLC; DCG Funds Management, LLC; Davis Financial, Inc.; DCG Partners, LLC; DCG Real Estate Development, LLC; Huntersville Plaza Phase One, LLC; and Huntersville Plaza Phase Two, LLC

**Incorp Services, Inc.**
**176 Mine Lake Court, Suite 100**
**Raleigh, NC 27615-6417**

Registered Agent for Relief Defendant DCG Real Assets, LLC

**Wyomingregisteredagent.com, Inc.**
**1621 Central Avenue**
**Cheyenne, WY 82001**

Registered Agent for H20, LLC; DCG PMG, LLC; and Finely Limited, LLC

**James Andrew Rowe**
**1111 Central Avenue, Suite 300**
**Charlotte, NC 28204**

Registered Agent for Relief Defendant DCG Commercial Holdings, LLC

**James Andrew Rowe**
**1100 S Tryon Street**
**Charlotte, NC 28203**

Registered Agent for Relief Defendant DCG Commercial, LLC

**Exhibit A**
**Certain Real Properties of the Receivership Defendants**

**Huntersville Area**

    Northlake Business Park – 11711 Alexandriana Rd. Huntersville, NC
    Parcel No. 13302115
    13 Acres
    Vacant land
    Deed owner – Finely Limited, LLC

    Hunstersville Plaza – 16618 Old Statesville Rd. Huntersville, NC
    Parcel No. 01102145
    1.25 Acres
    Vacant land with surface parking lot
    Deed owner – Huntersville Plaza Phase One, LLC

    Huntersville Town Center – 102 South Old Statesville Rd., Huntersville, NC
    Parcel No. 01711611
    .04 Acres
    Vacant land
    Deed owner – DCG Commercial Fund I, LLC

    Huntersville Town Center – 109 Gilead Rd., Huntersville, NC
    Parcel No. 01711699
    .25 Acres
    Vacant land
    Deed owner – DCG Commercial Fund I, LLC

**Marion North Carolina**

    North Cove Water Property — Marion, NC
    Parcels 171700356315 & 171700166538
    151 Acres
    Vacant land
    Deed owner – Oak Valley Hardwoods, Inc. (Purchased from H20, LLC through tax auction April 8, 2016. Surplus from tax auction held at court clerk's office.)

**Grayson Virginia**

    Grayson Springs Water Bottling Property – Grayson, VA
    Lots 52-A-43 & 52-A-43A & 52-A-43B
    305 Acres
    Vacant Land with small warehouse on one plot
    Deed owner – H20, LLC