**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JOSEPH GRASSO, JR. et al.,**

              **Plaintiffs,**

              **v.**

**THE UNITED GROUP OF
COMPANIES, INC. et al.,**

              **Defendants.**
_____

**1:16-cv-965
(GLS/CFH)**

## SUMMARY ORDER

On April 23, 2018, plaintiffs filed a motion for certification of question for interlocutory appeal and stay of action pending appeal. (Dkt. No. 59.) The motion centers on the court's April 9, 2018 Memorandum-Decision and Order, which dismissed several of plaintiffs' claims because they were time barred under N.Y. C.P.L.R. § 213(8). (Dkt. No. 56.) Specifically, plaintiffs request that the court amend its Memorandum-Decision and Order under Fed. R. App. P. 5(a)(3) to include the certification required by 28 U.S.C. § 1292(b) and stay this action until the Second Circuit Court of Appeals addresses the following question: "[a]re [p]laintiffs' fraud, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, and negligent

1

misrepresentation claims time-barred under New York law?" (Dkt. No. 59 at 2 (internal footnote omitted).) Defendants filed a response in opposition to plaintiffs' motion on May 21, 2018. (Dkt. No. 62.) Thereafter, plaintiffs filed a reply brief, (Dkt. No. 63), which defendants subsequently moved to strike, (Dkt. No. 64). For the following reasons, defendants' motion, (*id.*), is granted,[1] and plaintiffs' motion, (Dkt. No. 59), is denied.

Generally, only final decisions are appealable. *See* 28 U.S.C. § 1291. However, in exceptional circumstances, a district court may certify questions regarding its interlocutory decisions to the Court of Appeals for discretionary review if: (1) the court's decision "involves a controlling question of law"; (2) "as to which there is a substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "To satisfy the second element, the plaintiff must establish that there is substantial reason to doubt the correctness of the district court's ruling[.]" *Koziol v. King*, 6:14-cv-946, 2014 WL 12656908, at *2 (N.D.N.Y. Nov. 19, 2014). However, "[a] mere claim that the district court's ruling was

---

[1] For non-dispositive motions, "[r]eply papers . . . are not permitted without the [c]ourt's prior permission." N.D.N.Y. L.R. 7.1(b)(2).

incorrect does not demonstrate a substantial ground for difference of opinion." *Id.* (internal quotation marks and citation omitted); *see Weber v. U.S. Tr.*, 484 F.3d 154, 159 n.3 (2d Cir. 2007) ("Congress did not intend 28 U.S.C. § 1292(b) to serve an error-correction function."). Additionally, even when all three prongs are met, "the decision whether to certify a question for interlocutory appeal is within the complete and unfettered discretion of the district court." *Koziol*, 2014 WL 12656908, at *2 (internal quotation marks and citations omitted).

Here, even assuming that plaintiffs have satisfied the first and third prongs of the statutory criteria, plaintiffs fail to demonstrate that there is substantial reason to doubt the correctness of the court's April 9, 2018 ruling. Despite purportedly advancing three arguments in support of their position, plaintiffs essentially make the same argument three times: if the court would have looked at the underlying financial statements as a whole, it would have come to the conclusion that reasonable minds could differ regarding whether plaintiffs' duty of inquiry was triggered. (Dkt. No. 59, Attach. 1 at 5-8.) However, plaintiffs' position is flawed in several aspects. First, the court already considered the financial statements as a whole—the parts that were favorable to plaintiffs, (Dkt. No. 56 at 21-22),

3

and the parts that were not favorable to them, (*id.* at 23-24).  Moreover, the court already rejected plaintiffs' argument that "the statements *taken as a whole* overwhelmingly reveal that the Income Fund was . . . thriving," (*id.* at 21 (emphasis added)), and concluded that "the financial statements raised red flags that would have made a reasonable investor of ordinary intelligence aware of the probability that he had been defrauded," (*id.* at 22 (internal citation omitted)).[2]  Next, contrary to plaintiffs' contentions that the court applied an improper standard and that there is conflicting authority on this issue, (Dkt. No. 59, Attach. 1 at 5-8), the court applied the same well-established standard that has been uniformly applied by courts when faced with a N.Y. C.P.L.R. § 213(8) issue.  (*See* Dkt. No. 56 at 19-21; Dkt. No. 62

---

[2] Plaintiffs seem to contradict their position that the court failed to consider the statements as a whole when they fault the court for "conduct[ing] its own analysis of the financial statements."  (Dkt. No. 59, Attach. 1 at 7.)  It should be noted that the court's analysis was informed by defendants' memorandum of law in support of their motion to dismiss plaintiffs' amended complaint, which persuasively demonstrated that "[p]laintiffs' own allegations confirm that their duty to inquire of a potential fraud had been triggered long prior to the two year window before filing this action," (Dkt. No. 13, Attach. 1 at 12), and plaintiffs' response papers, which asked the court to analyze the statements "taken as a whole," (Dkt. No. 27 at 13).  Thereafter, the court undertook a careful and complete analysis of the financial statements referenced in plaintiffs' amended complaint.  (Dkt. No. 56 at 17, 21-25.)  As such, this was hardly an "independent" analysis.  (Dkt. No. 59, Attach. 1 at 7.)

at 8 (collecting cases).) In fact, plaintiffs only cite one case in support of their argument, *Milman v. Box Hill Sys. Corp.*, 72 F. Supp. 2d 220, 229 (S.D.N.Y. 1999), which the court already considered the first time plaintiffs raised it in their response in opposition to defendants' motion to dismiss.[3] (Dkt. No. 27 at 13). In sum, plaintiffs merely regurgitate the same arguments, which the court previously rejected. Although plaintiffs have every right to disagree with the court's conclusion, more is required to satisfy § 1292(b). *See Weber*, 484 F.3d at 159 n.3; *Koziol*, 2014 WL 12656908, at *2.

Accordingly, it is hereby

**ORDERED** that defendants' motion to strike (Dkt. No. 64) is **GRANTED**; and it is further

**ORDERED** that the Clerk strike plaintiffs' reply (Dkt. No. 63); and it is further

**ORDERED** that plaintiffs' motion for certification of question for interlocutory appeal and stay of action pending appeal (Dkt. No. 59) is

---

[3] Notably, plaintiffs have never explained how *Milman*, which considered the timeliness of a Securities Act claim, is applicable to the question of when a duty of inquiry arises under N.Y. C.P.L.R. § 213(8). *See Milman*, 72 F. Supp. 2d at 228-29.

5

**DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

February 14, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge