**MANDATE**

19-2319-cv
*Grasso, et al. v. The United Group of Companies, et al.*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand twenty.

PRESENT:    JOHN M. WALKER, JR.,
             JOSÉ A. CABRANES,
             ROBERT D. SACK,
                        *Circuit Judges*,

---

JOSEPH GRASSO, JR., M.D., KEVIN KEARNY, M.D., MONICA KEARNY, JAMES MARTIN, M.D., BRENDA MARTIN, JANICE WOSSOWSKI, WILLIAM WOSSOWSKI, JR.,

             *Plaintiffs-Appellants*,                  19-2319-cv

KAREN SZOCIK, MARY ELLEN KLEINFELD,

             *Plaintiffs*,

             v.

THE UNITED GROUP OF COMPANIES, INC., MICHAEL J. UCCELLINI, as Executor of the Estate of WALTER F. UCCELLINI and as President and Chief Executive Officer of UGOC, JESSICA F. STEFFENSEN, MCM SECURITIES, LLC, AND MILLENNIUM CREDIT MARKETS, LLC,

             *Defendants-Appellees*,

1

**MANDATE ISSUED ON 05/21/2020**

RICHARD W. DAVIS, JR., DAVIS CAPITAL GROUP,
INC., DCG FUNDS MANAGEMENT, LLC, DCG/UOC
FUNDS MANAGEMENT II LLC,

          *Defendant.*

---

**FOR PLAINTIFFS-APPELLANTS:**          Ron Kilgard, Keller Rohrback LLP,
          Phoenix, AZ.

**FOR DEFENDANTS-APPELLEES:**          Michael B. de Leeuw and Tamar S. Wise,
          Cozen O'Connor, New York, NY.

Appeal from a June 26, 2019 judgment of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants Joseph Grasso, Jr., Kevin Kearney, Monica Kearney, James Martin, Brenda Martin, Janice Wossowski, and William Wossowski, Jr. (jointly, "Appellants") appeal from a June 26, 2019 judgment dismissing their action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Appellants challenge the District Court's dismissal of their suit against Defendants-Appellees The United Group of Companies, Inc., Davis Capital Group, Inc., DCG Funds Management, LLC, DCG/UOC Funds Management II LLC, Michael J. Uccellini as Executor of the Estate of Walter F. Uccellini and as President and Chief Executive Officer of UGOC, Jessica F. Steffensen, MCM Securities LLC, and Millennium Credit Markets, LLC (jointly, "Appellees"), arguing that their case is not barred by the relevant statute of limitations. Appellants' amended complaint alleged common law fraud, breach of fiduciary duty, and negligent misrepresentation against all Appellees, and unjust enrichment and aiding and abetting against particular Appellees.

We review *de novo* a district court's grant of a motion to dismiss, including the legal conclusions of the district court's interpretation and application of a statute of limitations. *See, e.g.*, *Castagna v. Luceno*, 744 F.3d 254, 256 (2d Cir. 2014). We accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Muto v. CBS Corp.*, 668 F.3d 53, 56 (2d Cir. 2012). The parties do not dispute that the relevant state law statute is N.Y. C.P.L.R. § 213(8), which provides that the statute of limitations for actions based on fraud is "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the

person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it." The parties also agree that Appellants' claims accrued at the moment of their investments, all of which were outside of the general six-year limitations period. Accordingly, we review as to whether the claims were timely based on the two-year period in which Appellants could have discovered the fraud with reasonable diligence.

The New York Court of Appeals has held that a reasonably diligent plaintiff could have discovered a fraud when he is "possessed of knowledge of facts from which [the fraud] could be reasonably inferred." *Sargiss v. Magarelli*, 12 N.Y.3d 527, 532 (2009) (internal quotation marks and citation omitted). Once the "circumstances reasonably suggest" that the plaintiff "may have been defrauded," the plaintiff's "duty to inquire" is triggered, and the two-year limitations period begins to run. *Shalik v. Hewlett Assocs., L.P.*, 93 A.D.3d 777, 778 (2d Dep't 2012) (internal quotation marks and citation omitted); *see also Sargiss*, 12 N.Y.3d at 532.

We agree with the District Court that the Appellants' duty of inquiry was triggered by May 2014 at the latest, based on the disclosures in the 2012 and 2013 financial statements that were available to Appellants at that time. Although Appellants contend that the District Court examined the financial statements with the eye of an "experienced financial analyst," rather than a reasonable investor of ordinary intelligence, we cannot agree with the Appellants that the information in the disclosures was so arcane that only the most sophisticated financial expert would be on inquiry notice. Appellants Br. at 19. In particular, the circumstances described in the 2012 and 2013 financial statements clearly identify the fund's investments in the assets that Appellants now allege were improper; and those statements note more than once that the fund was "substantially invested in debt investments with an entity that is in foreclosure proceedings." These statements would trigger a reasonable investor's duty to inquire; Appellants do not allege that any such inquiry was made. App'x 270, 280.

Moreover, as noted by the District Court, those disclosures formed the basis of Appellants' fraud allegations, and "the knowledge gleaned from the information contained within the 2012 and 2013 financial statements is completely at odds with the representations that [Appellants] allegedly relied upon." Sp. App'x 24. That a reasonable investor of ordinary intelligence would be on inquiry notice based on warnings of foreclosures and defaults as stated in those disclosures is consistent with the case law of New York and this Court; Appellants do not draw our attention to any cases to the contrary. *See, e.g., Gutkin v. Siegal*, 85 A.D.3d 687, 688 (1st Dep't 2011) (plaintiff on inquiry notice based on information provided in quarterly reports); *LC Capital Partners, LP v. Frontier Ins. Group, Inc.*, 318 F.3d 148, 156 (2d Cir. 2003) ("Once the facts on the face of the complaint and related documents give rise to a duty of inquiry, it is appropriate to require a plaintiff, resisting a motion to dismiss on limitations grounds, at least to allege that inquiry was made.") The District Court therefore correctly ruled that Appellants' fraud claims as alleged in their August 2, 2016 complaint were untimely.

Inasmuch as the statute of limitations issue is dispositive, we do not reach Appellants' arguments regarding the merits of the underlying action. *See* Appellant's Br. at 24.

## CONCLUSION

The June 26, 2019 judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit